**NOT FOR PUBLICATION**

APR 15 2010

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NOVA WAKARRY HIU, | No. 07-73206 |
| Petitioner, | Agency No. A077-819-811 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2010[**]

Before:     RYMER, McKEOWN, and PAEZ, Circuit Judges.

Nova Wakarry Hiu, native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. Reviewing for substantial evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's determination that Hiu's asylum application was untimely because that finding was based on disputed facts. *See Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007) (per curiam). Additionally, we reject Hiu's contention that the first asylum application she filed should be considered. *See* 8 C.F.R. § 103.2(b)(15) (the priority or processing date of a withdrawn application may not be applied to a later application).

Hiu claims she was persecuted in Indonesia based on an incident that occurred in a shopping mall, her fear of harm during the May 1998 riots, and the conflicts that arose near the city of Manado, where she moved after the riots. Substantial evidence supports the agency's finding that Hiu failed to establish she suffered harm that rose to the level of past persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003). In addition, even as a member of a disfavored group, Hiu did not demonstrate the requisite individualized risk of persecution to establish a clear probability of future persecution. *See id.* at 1184-85; *Wakkary*, 558 F.3d at 1066 ("An applicant for withholding of removal will need to adduce a

considerably larger quantum of individualized-risk evidence to prevail[.]").

Finally, the record does not compel a finding of a pattern or practice of persecution of Chinese Christians in Indonesia. *See Wakkary*, 558 F.3d at 1061. Accordingly, substantial evidence supports the agency's denial of withholding of removal.

Substantial evidence also supports the agency's denial of CAT relief because Hiu failed to establish that it is more likely than not she will be tortured in Indonesia. *See Wakkary*, 558 F.3d at 1067-68.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**